UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

---------------------------------------------------------------X
                                             :

IRIS CORPORATION,                        :

          Plaintiff - Appellant,   :

          -v-                       :     No. 2010-1051

JAPAN AIRLINES INTERNATIONAL  :
CO., LTD.,                             :

          Defendant - Appellee.  :

---------------------------------------------------------------X

## JOINT MOTION TO LIFT STAY AND SET BRIEFING SCHEDULE

Iris Corporation ("Iris" or "Plaintiff-Appellant") and Japan Airlines Co., Ltd.[1] ("JAL" or "Defendant-Appellee") respectfully move the Court to lift its stay and to set a briefing schedule in the above-captioned appeal.

On February 5, 2010, this Court entered a stay in this appeal, consistent with 11 U.S.C. § 362. (Dkt. No. 18). On December 18, 2013, JAL's bankruptcy trustee, through his counsel, sent a letter to this Court discussing the status of JAL's Chapter 15 bankruptcy case and indicating in his view that the instant appeal may proceed. *See* Exhibit A. Accordingly, Iris and JAL respectfully request that this Court issue an order lifting the February 5, 2010 stay.

Iris and JAL have conferred and agree to the following briefing schedule:

---

[1] The name of Defendant-Appellee has been changed to Japan Airlines Co., Ltd.

1) Upon entry of an order lifting the February 5, 2010 stay, Iris' opening appellate brief, filed on December 23, 2009 (Dkt. No. 14), will be deemed re-filed.

2) If the U.S. Government decides to file an amicus curiae brief in this appeal, such brief will be due on February 14, 2014.  The U.S. Department of Justice has indicated that this deadline is agreeable.

3) JAL's opposition brief will be due on March 26, 2014.

4) Airlines for America and the International Air Transport Association are considering filing amici curiae briefs (or a joint brief) in support of JAL.  Pursuant to Federal Circuit Rule 29, Iris and JAL consent to any such filing, which if filed, will be due on April 2, 2014.

5) Iris' reply brief will be due on April 25, 2014.

For the reasons discussed above, Iris and JAL respectfully move this Court to issue an order lifting the February 5, 2010 stay and setting the briefing schedule discussed above.

December 19, 2013                    Respectfully submitted,


   /s/ Stephen Norman Weiss (with permission)
Stephen Norman Weiss
Attorney at Law
1601 Broadway - 12${}^{th}$ Floor
New York, NY 10019
*Counsel for Plaintiff-Appellant*


   /s/ Charles F. Schill
Charles F. Schill
Paul D. Lall
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone: 202-429-6267
Fax: 202-429-3902

*Of counsel:*
William Karas
Carol Gosain
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone: 202-429-6267
Fax: 202-429-3902
*Counsel for Defendant-Appellee*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

IRIS CORPORATION v. JAPAN AIRLINES

No. 2010-1051

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) **appellant** certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:
Iris Corporation Berhad

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:
NA

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:
NONE

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:
Stephen Norman Weiss, Edmund John Ferdinand III, (currently representing party);
Moses & Singer LLP by Stephen Norman Weis, Gregory J. Fleesler, Michael Pospis and Amanda Schaffer (previously representing party).

December 19, 2013
Date

Signature of counsel

Stephen Norman Weiss
Printed name of counsel

Please Note: All questions must be answered
cc: Charles F. Shill, Esq.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

IRIS CORP.  v.  JAPAN AIRLINES

No. 2010-1051

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) appellee certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Japan Airlines Co., Ltd.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not applicable

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

William Karas, Charles Schill, Carol Gosain, Paul Lall, Steptoe & Johnson LLP

December 19, 2013
Date

*Charles Schill*
Signature of counsel

Charles F. Schill
Printed name of counsel

Please Note: All questions must be answered
cc: _____

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Ryan Blaine Bennett
To Call Writer Directly:
(312) 862-2074
ryan.bennett@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 18, 2013

United States Court of Appeals for the
Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439
Attn: Clerk of Court

   Re: *In re Japan Airlines Corp. et al.*, Case No. 10-10198 (JMP) (Bankr. S.D.N.Y.)

Dear Sirs and Madam:

  We represent Mr. Eiji Katayama in his capacity as foreign representative of Japan Airlines Co., Ltd., and certain of its affiliates (collectively, the "Debtors"), in connection with the above-referenced bankruptcy cases (the "Chapter 15 Cases") filed pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On December 3, 2013, the Bankruptcy Court entered an order, attached hereto as Exhibit A, closing the Chapter 15 Cases. The purpose of this correspondence is to describe the ramifications of the Bankruptcy Court's entry of this order.

  On January 19, 2010, the Debtors filed a voluntary petition for commencement of a corporate reorganization proceeding in Tokyo, Japan. Our client, Mr. Katayama, was appointed as a trustee over the Debtors' estates. On the same day, Mr. Katayama filed a voluntary petition in the Bankruptcy Court for, *inter alia*, recognition of that proceeding pursuant to chapter 15 of the Bankruptcy Code. Chapter 15 was enacted by Congress in 2005 for the purpose of protecting U.S.-based assets belonging to (generally non-U.S.) debtors that have commenced insolvency proceedings in a non-U.S. jurisdiction. In particular, chapter 15 prohibits adverse action against the foreign debtor's U.S.-based assets — including a stay of all U.S. lawsuits — during the pendency of a chapter 15 proceeding and, importantly, grants immediate and automatic effect in the United States to the orders entered and actions taken by the foreign insolvency court.

  On February 17, 2010, the Bankruptcy Court entered an order granting Mr. Katayama's voluntary petition and appointing him foreign representative over the Debtors' U.S.-based assets.

KIRKLAND & ELLIS LLP

December 18, 2013
Page 2

Consistent with chapter 15 of the Bankruptcy Code, the effect of the order was, *inter alia*, to stay the commencement and continuation of all U.S. litigation against the Debtors and to grant automatic and immediate effect in the United States to orders entered and actions taken by the Tokyo insolvency court in the Debtors' main cases.

Subsequently, the Debtors proceeded to reorganize their operations and finances pursuant to the Japanese corporate reorganization code. On November 30, 2010, the Tokyo court confirmed the Debtors' plan of reorganization. Pursuant to the Debtors' confirmed plan, all pre-bankruptcy claims and interests were discharged and enjoined. By virtue of the Bankruptcy Court's entry of February 17, 2010 order, the Debtors' confirmed plan, including its discharge and injunction provisions, are enforceable in the United States.

It is our understanding that an appeal involving Japan Airlines captioned *Iris Corp. v. Japan Airlines International Co. Ltd.*, Case No. 10-1051 (Fed. Cir.) pending before the United States Court of Appeals for the Federal Circuit (the "Federal Circuit Litigation") was stayed during the pendency of the Chapter 15 Cases. Counsel to Japan Airlines in the Federal Circuit Litigation, Steptoe & Johnson LLP, has requested that we, as counsel to Mr. Katayama in the Chapter 15 Cases, confirm that, upon entry of the Bankruptcy Court's order on December 3, 2013, closing the Chapter 15 Cases:

- the Federal Circuit Litigation remains stayed as to damages alleged against the Debtors that arose pre-bankruptcy;

- these damages have been discharged and enjoined pursuant to Japan Airlines' confirmed plan of reorganization;

- the discharge of and injunction against the assertion of these damages is enforceable in the United States pursuant to the Bankruptcy Court's February 17, 2010 order; and

- the Federal Circuit Litigation may go forward as to damages alleged against the Debtors that arose post-bankruptcy.

## KIRKLAND & ELLIS LLP

December 18, 2013
Page 3

  For the reasons set forth herein, we can confirm these statements. Further, we understand from Steptoe & Johnson that counsel for the appellant Iris Corp., Stephen N. Weiss, does not take issue with the bulleted points.

Sincerely,

Ryan Blaine Bennett

RBB/dme

cc: William Karas, Esq. - Steptoe & Johnson LLP
   Stephen N. Weiss, Esq.
   Anisha Dasgupta, Esq. - U.S. Department of Justice

# **CERTIFICATE OF SERVICE**

I certify that on this 19th day of December, 2013, the foregoing JOINT MOTION TO LIFT STAY AND SET BRIEFING SCHEDULE was filed electronically using the CM/ECF system, which will send such notification of the filing to counsel of record. I also served an electronic courtesy copy of the foregoing by e-mail to:

stephen@snweisslaw.com
jferdinand@24iplg.com
gfleesler@mosessinger.com
anisha.dasgupta@usdoj.gov
cschill@steptoe.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of December, 2013.

/s/ Paul D. Lall
Paul D. Lall
*Attorney for Defendant-Appellee*
*Japan Airlines Co., Ltd.*